LINDA A. PAINTER, Plaintiff, *v.* AUSTIN B. FLETCHER, as Executor, etc., of HENRY J. BRAKER, Deceased, Defendant.

First Department, April 5, 1918.

Trial — dismissal of complaint — assignment for benefit of creditors — validity of agreement made to induce creditor to sign composition.

Where a plaintiff has not been permitted to develop her case by any evidence which would have been admissible under the complaint, on the theory outlined by her counsel in his opening, a dismissal can be sustained only on the ground that in no view of the case could the plaintiff have succeeded had she been permitted to proceed with the trial.

The plaintiff, one of the creditors of a firm which had made a general assignment, made an agreement with defendant's testator, who was the principal creditor of the firm, under which the plaintiff transferred property to the defendant, who agreed to repay any surplus remaining after he received fifty per cent of his claim, and to reconvey to her the property if not then sold, and also to assign for her benefit his remaining claim against the firm, to reimburse her for the amount he received from her property. It is claimed the agreement is void because secretly made to induce the defendant's testator to sign a composition. *Held*, that said agreement between the plaintiff and the defendant is not necessarily void.

MOTION by the plaintiff, Linda A. Painter, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the dismissal of the complaint on the pleadings and the opening of counsel at the New York Trial Term in June, 1917.

*John Ewen* of counsel [*Wilder, Ewen & Patterson*, attorneys], for the plaintiff.

*Herbert C. Smyth* of counsel [*Safford A. Crummey*, attorney], for the defendant.

LAUGHLIN, J.:

The issues herein came on for trial before the court and a jury. A record was made of the opening of counsel for plaintiff and the original agreements of which copies are annexed to the answer and the instrument dated July 7, 1905, referred to in paragraph 7 of the complaint and being a modifica-

tion of the agreement of May 9, 1905, alleged in this complaint were offered in evidence by plaintiff. Thereupon counsel for defendant moved that the complaint be dismissed on its own allegations, the opening and said documentary evidence. The motion was granted and counsel for plaintiff duly excepted.

The plaintiff not having been permitted to develop her case by any evidence which would have been admissible under the complaint on the theory outlined by her counsel in his opening, the dismissal of the complaint can be sustained only on the ground that in no view of the case could the plaintiff have succeeded had she been permitted to proceed with the trial.

On the 15th of February, 1905, the stock brokerage firm of Ellingwood & Cunningham made an assignment for the benefit of their creditors. The plaintiff is the mother-in-law of Cunningham and was one of the creditors of the firm. Under date of March twenty-first thereafter a composition agreement was made between creditors of the firm and the firm and the assignee. One Braker, the defendant's testator, who for brevity will be referred to as the defendant, was the principal creditor of the firm; and on the ninth of May, more than a month and a half after the *date* of the composition agreement, the plaintiff made an agreement in writing with him under which, as subsequently amended, she alleges he received and holds for her use the sum of $156,849.29 which amount by the terms of said agreement he became obligated to pay over to her. Under the agreement as modified the plaintiff transferred real estate with a building thereon known as " The Powelton " at Ninety-seventh street and Broadway to enable Braker, in the event that the arrangement, which it is recited was then being formed by a committee of the creditors to release the debtors and to enable them to resume business, should be consummated by the committee assenting thereto and being substituted as the assignees, to receive from the rents and by mortgaging or selling the property an amount equal, together with any amount received by him in the meantime on account of his claim, to fifty per cent of his claim against the firm and to " insure " the payment to him of that amount of his claim; and Braker agreed to repay to the plaintiff any surplus remaining after he received such payment and

to reconvey to her the property if not then sold and also to assign for her benefit his remaining claim against said firm to reimburse her for the amount he received from her property and for any surplus after such reimbursement she was to account to him. He also agreed to " use every reasonable effort to carry out the agreement contemplated between " the firm and others by which was meant the composition agreement. The agreement is a lengthy document, but I have stated the effect of its provisions so far as material to the decision of the motion. It is alleged, in effect, that the composition agreement became operative, that the Powelton was so conveyed and was both mortgaged and sold and that Braker has received on account of the indebtedness of said firm to him, in dividends from the committee and trustees of the creditors and from the proceeds of the Powelton and other sources about the sum of $761,643.42 which is more than fifty per cent of his claim, and that there is due and owing from him to the plaintiff the said sum of $156,849.29, with interest.

If the agreement between the plaintiff and Braker was a secret agreement made to induce him to sign the composition agreement it may be that the court cannot and should not enforce it even to the extent here sought of requiring defendant to account or pay over to the plaintiff her property which has come into his possession thereunder on the theory that the agreement was illegal and void *in toto* as contravening public policy as it clearly would be with respect to the amount which the defendant was to receive for his own use thereunder. (*Breck* v. *Cole,* 4 Sandf. 79; *Bell* v. *Leggett,* 7 N. Y. 176; *Solinger* v. *Earle,* 82 id. 393; *White* v. *Kuntz,* 107 id. 518; *Meyer* v. *Blair,* 109 id. 600, 606; *Glens Falls National Bank* v. *Van Nostrand,* 41 Misc. Rep. 526; affd., 103 App. Div. 598.) But it is neither alleged nor does it appear from the terms of the agreement or the other documentary evidence received, nor was it admitted in the opening, that this agreement was made to induce Braker to sign the composition agreement. On the contrary, it was expressly claimed in the opening that Braker had signed and became bound by the composition agreement before the agreement between the plaintiff and him was made. It was also claimed in the opening that the sole purpose of the agreement was to provide Braker with funds

without requiring him to await the receipt of dividends and that it was represented to plaintiff and that she in good faith believed that he would be entitled to receive in dividends more than fifty per cent of his claim.   That claim, I think, is not inconsistent with the provisions of the agreement and, therefore, evidence in support of the same may be given to meet the claim that the agreement is fraudulent and void as contravening public policy.   It is argued by the learned counsel for the appellant that the terms of the agreement show conclusively that it was secretly made to induce Braker to sign the composition agreement.   We think not.   Those are questions of fact upon which evidence should have been received.   We merely decide now that the agreement is not necessarily void and we refrain from at this time expressing an opinion on the other questions argued, for *some* of them will necessarily and *all* of them may be eliminated when the material facts are found.

It follows that the plaintiff's exceptions should be sustained and motion granted, with costs to plaintiff to abide the event.

CLARKE, P. J., DOWLING, PAGE and DAVIS, JJ., concurred.

Motion for new trial granted, with costs to plaintiff to abide event.   Order to be settled on notice.