LINDA A. PAINTER, Respondent, Appellant, *v.* AUSTIN B. FLETCHER, as Executor, etc., of HENRY J. BRAKER, Deceased, Appellant, Respondent.

First Department, October 24, 1919.

**Principal and agent — guaranty and suretyship — agreement that creditor of insolvent shall receive just indebtedness — sums owing to creditor as agent of disclosed principal — damages — interest.**

Although the plaintiff guaranteed that the defendant's testator, who was a creditor of an insolvent firm of stockbrokers, should receive a certain percentage of his " just indebtedness," it was error for the court to include in the amount owing to the defendant's testator a special account carried

by him with the insolvents where he did so as agent for a disclosed principal and not on his own behalf. The guaranty of the plaintiff covered only the liability of the insolvents to the defendant's testator personally and not to the person for whom he was agent.

Where the amount owing to the plaintiff is determinable by simple arithmetical computation it is to be considered as liquidated damages and she is entitled to interest on her recovery.

CROSS-APPEALS by the plaintiff, Linda A. Painter, and by the defendant, Austin B. Fletcher, as executor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of August, 1918, upon the decision of the court after a special verdict had been received, and also from an order entered in said clerk's office on the 24th day of July, 1918, denying defendant's motion for a new trial made upon the minutes.

The plaintiff appeals from the judgment solely on the ground that it is insufficient in amount.

*John Ewen* of counsel [*William R. Wilder* with him on the brief; *Wilder, Ewen & Patterson,* attorneys], for the plaintiff.

*Charles F. Brown* of counsel [*Safford A. Crummey,* attorney], for the defendant.

PAGE, J.:

An appeal was taken to this court from a judgment dismissing the complaint upon the pleadings and the opening of counsel. We then determined that if the agreement between the plaintiff and the defendant's testator was intended by both parties thereto to be an inducement to Braker to sign the composition agreement between Ellingwood & Cunningham and their creditors, and if the making of the agreement was secret and unknown to the creditors of Ellingwood & Cunningham and intended by the plaintiff to be concealed from the creditors, the agreement would be void. We pointed out that the facts from which these inferences could be drawn were not before the court. The judgment was reversed and a new trial ordered. (182 App. Div. 616.) Voluminous evidence was received upon the second trial and there were presented clearly defined issues of fact, upon which the evidence was conflicting.

The court submitted specific questions of fact to the jury and directed them to find a special verdict. The jury answered these questions in the negative. There was sufficient evidence to sustain the verdict. The judgment on the defendant's appeal is affirmed.

The plaintiff has appealed from the judgment and asks a modification. We find that the trial court erred in including the H. J. Braker special account as a part of the " just indebtedness " of Ellingwood & Cunningham to Braker, which was the subject of the guaranty by plaintiff. This account was carried by Braker for a disclosed principal and not on his own behalf. The guaranty only covered the liability to him personally and not to the person for whom he was agent or trustee. We are also of opinion that the plaintiff is entitled to interest on the recovery. The amount was determinable by a simple arithmetical computation and, therefore, should be considered as liquidated. We have considered the other contentions of the plaintiff but do not find them meritorious. The judgment will, therefore, be modified by adding thereto the sum of $8,769.13, being fifty per cent of the amount of the special account, and providing for interest.

The judgment should be modified and, as modified, affirmed, with costs to the plaintiff.

CLARKE, P. J., DOWLING and MERRELL, JJ., concurred.

Judgment modified as stated in opinion and, as modified, affirmed, with costs to plaintiff. Order to be settled on notice.