MAX RINDER, Appellant, v. THE CITY OF NEW YORK, Respondent.— In an action for damages for personal injuries sustained by plaintiff by reason of the alleged negligence of the defendant in failing to maintain a sidewalk in a reasonably safe condition, whereby plaintiff slipped upon snow and ice and fell, judgment for defendant dismissing the complaint on plaintiff's opening at the trial reversed on the law, and a new trial granted, with costs to appellant to abide the event. The complaint contains allegations which, if sustained by proof accredited by the jury, would excuse plaintiff's failure to file notice of intention to sue and to commence his action within the prescribed time limitations. There is nothing in the opening of counsel on behalf of plaintiff whereby facts were conceded of a nature which established that plaintiff was physically able to comply with the statutes prior to the time that he attempted to do so, allowing a reasonable time within which to do so after physical incapacity. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

HAROLD ROTHBARD, an Infant, by HARRIET ROTHBARD, His Guardian ad Litem, and HARRIET ROTHBARD; and LEROY SCHWARTZ, an Infant, by ANNA SCHWARTZ, His Guardian ad Litem, and ANNA SCHWARTZ, Appellants, v. JOSEPH P. DAY, INC., Respondent.— In an action brought by the infant-plaintiffs to recover damages for personal injuries sustained in a swimming pool operated by defendant, and by their mothers for loss of services and medical expenses, judgment dismissing the complaints at the close of plaintiffs' case affirmed, with costs. No opinion. Hagarty, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Close, J., concur for affirmance of judgment dismissing the complaint as to plaintiffs Harold Rothbard and Harriet Rothbard; but dissent as to plaintiffs Leroy Schwartz and Anna Schwartz, and as to them vote to reverse the judgment and grant a new trial, with the following memorandum: 150 people were using the swimming pool which had four or five diving boards. There was only one guard, He was seated fifty-five feet away from the diving board used by the infant plaintiffs. A jury might have found that there was inadequate supervision. Plaintiffs Schwartz made out a cause of action. (Allon v. Park Central Hotel Co., Inc., 248 App. Div. 604; affd., 272 N. Y. 631.)

ALICE SHEA, Appellant, v. ABRAM W. NEWKIRK, Respondent.— From a judgment dismissing the plaintiff's complaint on the merits in an action for specific performance, the plaintiff appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

DINA STORTI and JOSEPH STORTI, Respondents, v. BROOKLYN BUS CORPORATION and ELMER MOGER, Appellants.— In an action by plaintiff wife for damages for personal injuries and by her husband for expenses and loss of services, defendants appeal from a judgment in favor of plaintiffs, entered on a jury verdict. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.