Henry A. Hudson, J.
The plaintiffs have moved pursuant to rule 113 of the Rules of Civil Practice for a summary-judgment based upon the first cause of action set forth in the complaint. The defendant, Jack W. Mulford, has made a cross motion for a summary judgment dismissing the plaintiffs’ complaint in its entirety upon the ground that the plaintiffs have failed to state any cause of action.
The action arises out of an alleged contract for the purchase and sale of certain real property and a business known as Scot-Noose Park or Ron-Nels Restaurant and Beach, Town of Vienna, Oneida County, New York. The contract in question, which is annexed to the complaint as Schedule “A” thereof, consists of a form of offer to purchase which was prepared by the defendant, Jack W. Mulford, a real estate agent of Canastota, New York, representing the owner of the premises. The plaintiff, Peter P. Porgan, was the proposed purchaser. He executed the offer to purchase on May 24, 1955. The printed acceptance form at the foot of the contract was signed by the owner, the defendant, Ron McKenzie on May 24, 1955. The defendant, Jack W. Mulford, signed as a witness to both signers, also on May 24, 1955. A great deal of the offer to purchase was written in the defendant, Jack W. Mulford’s own handwriting. A copy is attached to the complaint and in many instances is illegible. It provided among other things that the plaintiff agreed to purchase the premises therein described for the sum of $45,000 of which $15,000 was to be paid in cash on or before June 1, 1955, or on the passing of title or when the liquor license was granted. The balance was to be covered by a purchase-money mortgage and blanket chattel mortgage bearing interest at 4% annually payable $181 per month, which was to include both principal and interest pay *510 ments. The purchaser agreed to apply for a liquor license on or before May 27, 1955 and to secure such license as soon as possible. The purchaser deposited $5,000 with the defendant, Jack W. Mulford, “to be held until this offer is accepted at which time it shall become part Of the purchase price or returned if not accepted.” The offer was accepted the same day. Transfer of title was provided for in the following language: ‘ ‘ transfer is to be completed at the office of seller’s attorney on or before June 1, 1955 or as soon thereafter as abstracts can be brought to date ”. After the words, “ June 1, 1955,” there is some handwriting which appears to be crossed out but which looks to have been originally written, “ABC license granted.” Transfer of possession was provided for in the following language: ‘‘ possession of premises is to be delivered on or before June 1,1955 on passing of deed or when A. B. C. license is granted.”
The first cause of action in the plaintiffs’ complaint seeks to recover the sum of $5,000, representing the deposit which it is alleged the defendant, Mulford, in order to induce plaintiff, Peter P. Porgan, to sign the contract, orally promised and agreed to hold for the plaintiffs’ protection and return to the plaintiffs in full if they were unable to obtain a liquor license for on-premises consumption or if for any reason the sale was not consummated. It is further contended that under the alleged contract the plaintiffs never owned or held a lease of the premises and, therefore, by operation of law were estopped and prohibited from obtaining a license by reason of the provisions of subdivision 1 of section 106 of the Alcoholic Beverage Control Law which in part provides: “No retail license for on-premises consumption shall be granted for any premises, unless the applicant shall be the owner thereof, or shall be in possession of said premises under a lease, in writing ”. It is further alleged that the plaintiffs demanded the return of said deposit of the defendants and advised them of the impossibility of performance by virtue of such subdivision 1 of section 106, and that such return was refused by the defendants.
The second cause of action set forth in the complaint is based in fraud and charges that the defendant, Mulford, acting as agent for and on behalf of the defendant, McKenzie, and with Ms knowledge, consent and approval, made certain false representations as to the extent of the business proposed to be sold under the contract of purchase, Exhibit “A” and as to the cost of operation thereof. The essential allegations as to representation, falsity, scienter, deception and injury are set *511 forth and the plaintiffs allege that upon learning of the falseness of the defendant, Mulford’s, representations they elected to cancel the contract of purchase and demanded the return of the $5,000 deposit which was refused. This is denied by the defendants in their answers.
It should be observed at this point that the contract, Exhibit “A” attached to the complaint is signed only by Peter P. Porgan and he would, therefore, appear to be the only proper party plaintiff in the action.
The two causes of action would appear to be inconsistent. The first cause of action is based on the premise that the contract was impossible of performance by operation of law and, therefore, no contract. The second cause of action is based on an existing contract which was revokable by reason of the defendants’ fraud and that the plaintiffs had elected to rescind. Both causes of action seek the same relief, the return of the $5,000 deposit.
By reason of section 258 of the Civil Practice Act, the two causes of action can be set up in the same complaint but a determination of the two causes could hardly be reached in the same trial. If the plaintiff, Peter P. Porgan, succeeded in his first cause of action, the second would be academic, if he did not, the second would still be open to him.
On this motion, however, the plaintiff concedes that by reason of defendants’ denial, the second cause of action presents a question of fact and his motion, therefore, is limited to the first cause of action. I will first consider this phase of the application.
It is the contention of the plaintiff, Peter P. Porgan, that the provisions in the contract referring to the granting of an A. B. G. license including the provision that the purchaser would apply for a liquor license on or before May 27, 1955 made the contract one whose enforcement was conditioned upon the granting of such a license and that inasmuch as the plaintiffs were not the owners of the premises; did not have a lease thereon and were not in possession of the premises, they were by the very terms of the agreement, by operation of law estopped and prohibited from obtaining the license under any circumstances and the contract was accordingly without validity. The plaintiff, Peter P. Porgan further contends that this justified his failure to apply to the Alcoholic Beverage Control Board for a license and entitled him to a return of the deposit of the $5,000.
It is the contention of the defendants that the provisions in the contract which referred to the obtaining of the A. B. C, *512 license were not provisions which made the fulfillment of the contract conditioned upon the granting of the license but rather related to the time when the title should pass. They also contend that the plaintiff, Peter P. Porgan, by failing to comply with the provision in the contract requiring him to apply for the license had breached the contract upon his part and was, therefore, subject to the penalty provisions in the contract, namely, “ should either party fail to carry out their part of the contract, such party shall pay to the other party 20% of this contract as liquidated damages and not as penalty.” The defendants further contend that it is the practice and policy of the Alcoholic Beverage Control Board to process applications for a license made by a proposed purchaser of a going licensed business as long as the proposed purchaser had entered into a contract to purchase subject to the granting of a new license by the State Liquor Authority and that it was the customary and usual method of procedure recognized by the board and the State Liquor Authority.
The plaintiff Peter P. Porgan, in his brief relies upon two cases which he contends support his position that the contract by reason of the provisions of subdivision 1 of section 106 of the Alcoholic Beverage Control Law are unenforcible. (Shea v. Newkirk, 21 N. Y. S. 2d 298, affd. 258 App. Div. 1063; Momberger v. Maleca Co., 299 N. Y. 555.) The Shea case involved a sales contract containing a provision that it should become null and void in the event that the purchaser was refused a license for any reason whatsoever. The seller sought to compel the buyer to complete the purchase after his license application had been refused contending that further procedure before the A. B. C. Board might have resulted in the granting of a license. The court dismissed the complaint stating (p. 299) “ It is evident that the condition precedent which the parties expressly agreed upon has never been performed.” The Momberger case involved a sales contract, the consummation of which was made subject to the approval of the State Liquor Authority. After the signing of the contract it was ascertained that the plaintiff, who was not a citizen of the United States, could not be granted a license in view of subdivision 3 of section 126 of the Alcoholic Beverage Control Law. The purchaser thereupon demanded the return of his down payment. The seller resisted on the ground that the purchaser had first to make the application. The court held that an application under such circumstances was purposeless and granted judgment for the amount of the down payment.
*513 I do not feel that either of these cases supports the plaintiffs’ contention upon this application or is authority for the granting of the plaintiffs’ motion.
Had the plaintiffs filed an application and it had been denied, an entirely different situation might have resulted and these cases might strongly support their position. The plaintiff, Peter P. Porgan, infers in his moving papers that he made no application. The defendants set forth that he made the application and when it was about to be approved, withdrew it. The plaintiff does not deny this.
Plaintiff, Peter P. Porgan, in his moving papers urges that the application for a license was a condition precedent to the contract becoming effective. The defendants urge that it was not so intended but that if it were, the plaintiff was required to make the application or be guilty of a breach of contract.
These various contentions involve an interpretation of the meaning of the terms of the contract as written and evidence may well be admissible explaining the intent of the parties which would not be excluded under the parol evidence rule. In any event, I believe a question of fact is involved which can only be resolved upon a trial.
It is interesting to note that both the Shea and Momberger cases involve a contract for the purchase of a business; that a specific condition was included in each of the contracts that unless and until the application of the purchaser was approved and a license issued to him, the sale would not be consummated. It does not appear that in either of these cases the purchaser had any title to the premises in question; that he held a lease thereof or that they were in his possession. The effect of subdivision 1 of section 106 was not raised in either and was not considered by the court.
I believe it is generally recognized as contended by the defendants upon this application that a contemplated sale of a restaurant or tavern business, which is a going business, operated by the owner under a license held by him, is in actual practice sold subject to the ability of the proposed purchaser to obtain the approval of the State Liquor Authority for a license and the transfer of title is customarily conditioned thereon. Possession is retained by the seller until the proposed purchaser is notified by the State Liquor Authority that a new license will be issued to him. If this were not the case, the business would have to be closed pending the transfer and its value in the event that the proposed purchaser were refused a license would be severely affected.
*514 In view of these circumstances, I believe a trial of the issues raised in the plaintiffs’ first cause of action and in the answer thereto will be necessary. The plaintiffs’ motion for summary judgment upon the first cause of action is, therefore, denied, without costs.
I will next consider the defendant’s cross motion for summary judgment insofar as the cross motion relates to the first cause of action. I feel that it should be denied for the same reasons for which I have denied the plaintiffs’ motion, namely, that there are questions of fact which have been raised in the moving papers and pleadings which will require a trial.
I will next consider the defendant’s cross motion for summary judgment insofar as it relates to the second cause of action. The defendant urges that some of the allegations as to fraud are immaterial and that others are not stated with sufficient certainty so that it can be determined whether they constitute misrepresentations of fact and that they consequently represent solely allegations of conclusions of law. While I agree that some of the alleged fraudulent acts would not be material to justify a recovery, there nevertheless are a number of allegations which, if established, would, in my opinion, justify a recovery. I, therefore, feel that there are questions of fact which will require a trial and the cross motion in respect to the second cause of action will also be denied.
Both of the defendant’s, Mulford’s cross motions for summary judgment are denied, without costs.