JANE L. DARTON, as Administratrix, etc., of ALFRED DARTON, Deceased, Appellant, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

First Department, May 8, 1908.

**Trial — negligence — dismissal on opening.**

A complaint which alleges that plaintiff's intestate was required in his work to walk along a narrow walk between tracks; that this was negligently obstructed and that deceased without negligence fell over the obstruction and was struck by a train should not be dismissed on the opening even though plaintiff's counsel states that he has no eye-witnesses to the accident, would have

to prove his allegations by circumstantial evidence, would be obliged to rely on hostile witnesses, and cannot tell precisely what he would be able to prove by them.

However improbable it may be that plaintiff will recover, she is entitled to present her evidence.

APPEAL by the plaintiff, Jane L. Darton, as administratrix, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of January, 1908, upon the dismissal of the complaint by direction of the court upon the plaintiff's opening at the New York Trial Term.

*Archibald Foote Clark,* for the appellant.

*Bayard H. Ames,* for the respondent.

SCOTT, J.:

Plaintiff appeals from a judgment entered upon the dismissal of her complaint upon the opening. The complaint is based upon the Employers' Liability Act (Laws of 1902, chap. 600), and charges the defendant with failing to provide a reasonably safe place to work. The gravamen of the complaint is that plaintiff's intestate was required in the performance of his work to walk along a narrow board walk between the tracks; that this was negligently and unnecessarily obstructed by a fuse box raised about eight inches above the board walk; that deceased without negligence on his part stumbled over this box and was struck by a passing train and killed. On his opening plaintiff's counsel stated that he had no eye-witnesses to the accident, and would have to prove his allegations by circumstantial evidence. He further said that he would be obliged to rely on hostile witnesses and could not tell precisely what he would be able to prove by them. The motion to dismiss was put distinctly upon the ground that if plaintiff proved all that her counsel promised to prove on his opening, the evidence would not be sufficient to take the case to the jury. This was probably true, but it was not sufficient to justify a dismissal of the complaint. The Court of Appeals has said that a complaint should not be dismissed upon the opening of counsel

First Department, May, 1908.                    [Vol. 125.

unless it clearly appears either: (1) That the complaint does not state a cause of action; (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly admitted as a fact, or (3) that the counsel for the plaintiff in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit. (*Hoffman House* v. *Foote*, 172 N. Y. 348.)

None of these conditions existed in the case at bar. All that can be said of the opening is that it indicated that plaintiff would not be able to produce evidence to establish her cause of action. But counsel was not limited by his opening and was entitled to take advantage of any evidence that he might be able to elicit whether foreshadowed by his opening or not. However improbable it may have seemed to the trial justice, and however improbable it may seem to us that the plaintiff will ultimately succeed in recovering a judgment, she is entitled to an opportunity to present such evidence as she may be able to command. The judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, LAUGHLIN, CLARKE and HOUGHTON, JJ., concurred.

Judgment reversed and new trial ordered, costs to appellant to abide event.