### STAMM v. PURROY et al.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

1. LANDLORD AND TENANT ☞164—INJURIES ON DEMISED PREMISES—LIABILITY OF LANDLORD.

No recovery for injuries received by one living with a lessee, on a stairway landing of which the landlord did not retain control for the benefit of all his lessees, can be had on account of its defects.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ☞164.]

2. LANDLORD AND TENANT ☞169—ACTIONS—PLEADING.

In an action by one residing with the lessee, who was injured when a stairway landing which he was using gave way, the complaint alleged that defendants were the owners of the premises, including the stairway and landing, that they maintained the landing and exercised control over it, and that defendants leased the premises to the occupants. *Held,* that

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

there was not a sufficient averment that the stairway landing remained in the landlord's exclusive possession to base recovery on that theory.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ☞169.]

3. LANDLORD AND TENANT ☞164—REPAIRS—NEGLIGENCE.

Where a landlord undertakes repairs and is negligent in the work, he may be held liable for resulting injury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ☞164.]

4. TRIAL ☞109—OPENING STATEMENT—CONSIDERATION.

A statement in the opening, though wholly outside the complaint, must be considered on a motion for dismissal upon the opening, where there was no specific objection thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. ☞109.]

5. TRIAL ☞109—OPENING STATEMENT—DISMISSAL.

Remarks by counsel for plaintiff, who was injured by reason of defects in a stairway landing on the demised premises, that the lessees had protested to defendants' agent about the condition of the premises, demanding that he make repairs according to his agreement, and that the agent put in a lower bar, but had not fixed the top bar, coupled with a demand that he should do so, does not show negligence of the lessors in making repairs, and hence a motion for dismissal on opening cannot be denied on the ground that the lessors' negligence in that particular was set up.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. ☞109.]

Appeal from Trial Term, Westchester County.

Action by Leo S. Stamm against Charles D. Purroy and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Thomas J. O'Neill, of Yonkers, for appellant.

George V. Mullan, of New York City (Edwin H. Updike, of New York City, on the brief), for respondents.

JENKS, P. J. [1, 2] The plaintiff complains of the negligence of the defendants, owners and lessors of certain improved premises wherein he resided with the lessee, in that, when using a landing, it gave way, so that the plaintiff fell to his injury. The general rule is that the landlord is not liable. Jaffe v. Harteau, 56 N. Y. 398, 15 Am. Rep. 438; Steefel v. Rothschild, 179 N. Y. 277, 72 N. E. 112, 1 Ann. Cas. 676; Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855; Barrett v. Lake Ontario Beach Imp. Co., 174 N. Y. 314, 66 N. E. 968, 61 L. R. A. 829. The plaintiff did not put himself within the limitations of this rule. He did not plead that he was in use of premises of a public or quasi public character, nor that the landing was a common part of a community house. He did not plead sufficiently that the landing had not been demised by the landlord, so that it followed that it had remained in the landlord's exclusive legal control. For although he alleged that the landlord maintained the said

landings, stairs, and railings, and exercised control over the same, this allegation is contained in a sentence of the complaint which reads as follows:

"The defendants were and they now are the owners of the premises known as No. 2762, * * * including the building thereon, and including the landing and stairs and railing upon the side of the said house near the rear, and the defendants maintained the said landing, stairs, and railings and exercised control over same, and the defendants leased the said premises to the occupants thereof."

[3, 4] After the opening was finished, discussion followed, and the counsel for the plaintiff said:

"In addition to all this, as we have already stated in our opening, we state that the landlord here not only did agree to make the repairs, but that he did come in and attempt to make the repairs, and made them in a defective, dangerous way. As you know, the law is elementary that when he does make the repairs and makes them in a—"

If this was an accurate statement, appellant might well urge that the learned court erred in dismissal of the plaintiff upon the opening and the complaint; for a landlord who undertakes to repair and is negligent in that work may be held liable therefor. Marston v. Frisbie, 168 App. Div. 670, 154 N. Y. Supp. 367; Wynne v. Haight, 27 App. Div. 7, 50 N. Y. Supp. 187; Salvetta v. Farley, 123 N. Y. Supp. 230; Coggs v. Bernard, 2 Ld. Raymond's Rep. 909. And although such statement in the opening would have been wholly outside of the complaint, nevertheless the court, in the absence of specific objection, must have considered it in consideration of the motion for a dismissal upon the opening. Clews v. N. Y. Nat. Banking Ass'n, 105 N. Y. 398–404, 11 N. E. 814; Kley v. Healy, 127 N. Y. 555–557, 28 N. E. 593.

[5] But I cannot find in the opening, or so much of it as is printed in the record, any language that fulfills this subsequent statement of counsel. All that is recorded is:

"We will show you * * * that they were in this defective condition, and continued so up to the very time of the accident, notwithstanding that these Clarks protested to Mr. Allen about this condition—the agent—upon several occasions, the Clarks calling the attention of Allen to it, and they told him: 'Why don't you fix it as you agreed to fix it? You agreed to fix it before we moved in, and you didn't do it. You have sent around and put in a lower bar, but you haven't fixed the top bar, and why don't you do it?' And they called his attention to the defect, and they never corrected it."

Reference to other parts of the opening shows that the plaintiff's complaint rested upon the defective condition of the top bar. These words do not justify this said subsequent statement to which I have referred. And they are not tantamount to a charge that the landlord undertook to make repairs and was negligent in that undertaking.

The judgment is affirmed, with costs. All concur.