ETHEL MALCOLM, Appellant, *v.* WILLIAM N. THOMAS, JR., and Another, Respondents.

Second Department, December 7, 1923.

Landlord and tenant — action by tenant to recover for injuries suffered when she fell from unguarded fire escape — trial — rule as to dismissal of complaint at opening of case stated — tenants used platform of fire escape to stand on while hanging up laundry — defendant removed barrier without plaintiff's knowledge — plaintiff did not violate Tenement House Law, § 16, subd. 2 — complaint improperly dismissed.

Unless it is obvious that under no circumstances and in no view of testimony that might be adduced can the plaintiff prevail, the practice of dismissing the complaint on the opening of counsel alone should not be encouraged.

The complaint should not have been dismissed at the opening of the trial in an action to recover damages suffered by the plaintiff, a tenant of the defendant, when she fell from an unguarded fire escape, where it appears that the fire escape in question was used by the tenants to stand on while they hung up laundry; that the ladder of the fire escape when in place protected the opening at one end of the platform, and that the defendant a short time before the accident let the ladder down so that the opening at that end of the platform was left unguarded and the plaintiff, without knowledge that the barrier had been removed, fell through the unguarded opening to the ground.

The plaintiff in using the platform of the fire escape to stand on while she hung up her laundry did not violate subdivision 2 of section 16 of the Tenement House Law, which prohibits any person from placing any incumbrance of any kind upon a fire escape, and her presence on the fire escape was not unlawful.

APPEAL by the plaintiff, Ethel Malcolm, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 4th day of September, 1923, upon the dismissal of the complaint by direction of the court upon the opening of the plaintiff's counsel.

*James P. Kohler,* for the appellant.

*Murray G. Jenkins* [*William B. Shelton* and *William Dike Reed* with him on the brief], for the respondents.

KAPPER, J.:

This appeal illustrates anew the danger of a dismissal of the complaint upon the opening of plaintiff's counsel in an action triable by jury. Unless it is obvious that under no circumstances and in no view of testimony that might be adduced can the plaintiff prevail, the practice of dismissing on the opening of counsel alone should not be encouraged. Plaintiff was defendants' tenant for over three years, occupying one-half of the second floor of a three-story tenement house in which there were six families, the defendants themselves being in occupancy of one-half of the third or top floor. Fire escapes were in the rear of the building. Of their presence and manner of construction no complaint is made. During all of the period of plaintiff's tenancy the fire-escape platforms were used by the various occupants, including the defendants, as a balcony on which to stand while hanging out laundry or wash to be dried. The wash lines ran from the window casements of each floor to a pole at the rear of the premises and were manipulated by pulleys. The tenants were forbidden the use of the roof of the house for this purpose and were required to dry their laundry on the pulley lines so erected. On the plaintiff's floor the fire escape had a balcony railing extending around its three outer sides with an opening of twenty-one inches in one corner. This opening had always been protected by an iron ladder which hung on a hook suspended from the fire escape attached to the third floor. The rungs formed an apparently adequate barrier across the opening left in the second floor fire escape. This ladder when taken off the hook referred to would slide down between two uprights and automatically attach itself to the second floor fire escape, thus, when down, forming the means of escape from the second floor to the ground. Some few weeks before the accident the defendant William N. Thomas, Jr., personally detached the ladder from the hook and allowed it to slide down, the result being that said opening of twenty-one inches in the railing was left unguarded. He gave no notice to the plaintiff of this act and she was in ignorance of it. She did not know the opening was present and unguarded. While using the fire escape, as customary, to hang her laundry on her pulley line, she fell through the unguarded opening to the ground and suffered injury. These facts were stated and amplified by counsel for plaintiff in opening his case. At the conclusion of the opening the learned trial justice dismissed the complaint upon the ground that the plaintiff used the fire escape " at her peril." In this ruling we think there was error. To support the ruling the Tenement House Law (§ 16, subd. 2, as amd. by Laws of 1915, chap. 189) is invoked, the provision relied on reading, " No person shall at any

time place any incumbrance of any kind before or upon any such fire escape." It is not shown that plaintiff placed " any incumbrance " on the fire escape. In the circumstances, the particular use she was making of the fire escape may not be held to violate the statute so as to deprive her of the right to hold the landlord liable for personal negligence in making unsafe that which had been otherwise. *McAlpin* v. *Powell* (70 N. Y. 126) is cited to support the judgment. The fire escape there was one on which the deceased, a boy ten years of age, as the Court of Appeals say (p. 131), " had no right to go." The situation here is quite the converse. The fire escape may well be said to have been supplied by defendants for the purpose in which plaintiff was engaged when hurt. Her presence on it cannot be held to have been unlawful. Indeed, she was there as matter of right. Knowing this, one of the defendants without notifying plaintiff what he was doing or had done removed a well-known and reasonably adequate protection and rendered unsafe the place which the defendants furnished plaintiff as a necessary appurtenance to her tenancy. In the foregoing statements of fact and the conclusions deduced therefrom the assumption is properly and necessarily indulged in that they constitute the uncontradicted case. Plaintiff may not be able to substantiate the opening on the trial, or defendants may establish its fallacy. With that situation the trial court must deal as it arises.

The judgment should be reversed upon the law, and a new trial granted, with costs to appellant to abide the event.

Kelly, P. J., Rich, Kelby and Young, JJ., concur.

Judgment reversed upon the law and new trial granted, with costs to appellant to abide the event.