COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK on the Complaint of RUTH PAULSEN, Respondent, v. JACK FITZGERALD, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Richmond, reversed on the law and the facts and a new trial ordered, on the ground that the determination is against the weight of the evidence. Lazansky, P. J., Carswell and Scudder, JJ., concur; Kapper and Tompkins, JJ., dissent and vote to affirm.

GIUSEPPE DIGLIO, Appellant, v. ROSOFF SUBWAY CONSTRUCTION COMPANY and Another, Respondents.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. In so far as defendant Rosoff Subway Construction Company is involved, we are of opinion that the issues were sufficiently defined by the pleadings at the time the complaint was dismissed. " Unless it is obvious that under no circumstances and in no view of testimony that might be adduced can the plaintiff prevail, the practice of dismissing on the opening of counsel alone should not be encouraged." (*Malcolm* v. *Thomas*, 207 App. Div. 230.) The dismissal on the ground that the notice served on the city of New York was defective was erroneous. The sufficiency of the notice as to the " time and place at which the injuries were received " was not questioned by respondent city. It was immaterial for the purpose of the motion how the obstruction was placed in the public highway. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

EVERETT H. FITCHETT, JR., an Infant, by EVERETT H. FITCHETT, His Guardian ad Litem, Respondent, v. MORRIS HOROWITZ, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

JOHN GODWIN, an Infant, by MARGARET GODWIN, His Guardian ad Litem, Appellant, v. BROOKLYN EDISON COMPANY, INC., Respondent.— Judgment dismissing complaint on the merits reversed on the law and a new trial granted, costs to appellant to abide the event. The learned trial court erred in holding that the plaintiff was, if *sui juris*, negligent as matter of law; that if *non sui juris* he had committed an act which, in the case of an adult, would have constituted negligence; and that the negligence of his mother, as shown by the proof, was imputable to him. If the infant was *sui juris*, it was for the jury to determine whether, in playing on the sidewalk and going out into the roadway to recover the peach basket, he exercised that degree of care which ordinarily characterizes the conduct of boys of his age, intelligence and experience. If *non sui juris*, it was for the jury to say whether on the part of his mother there was any negligence with which he was chargeable. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.

MARGARET GODWIN, Appellant, v. BROOKLYN EDISON COMPANY, INC., Respondent.— Judgment dismissing complaint on the merits reversed on the law and a new trial granted, costs to appellant to abide the event, on authority of *Godwin* v. *Brooklyn Edison Company, Inc.* (*ante*, p. 643), decided herewith. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.