ELSIE ALEXANDER, RESPONDENT, v. ANIEL A. MANZA, APPELLANT.

Argued October 20, 1944—Decided January 19, 1945.

For the appellant, *Emanuel Weitz.*

For the respondent, *Irving I. Jacobs.*

The opinion of the court was delivered by

PARKER, J. This was a suit for deficiency on foreclosure of a mortgage, in which the trial court, at Circuit, without taking any evidence, directed a verdict for the plaintiff at the conclusion of defendant's opening. The defendant-appellant was not the original bondsman, but was a purchaser of the equity in 1926 from the original mortgagors, the deed containing a recital that the property was subject to the mortgage, describing it, "which said mortgage the grantee herein assumes and agrees to pay as a part of the consideration for said premises." The mortgage was foreclosed in 1940; defendant apparently did not protect the property; it was sold for the usual nominal bid of $100 at sheriff's sale, and the sale confirmed in ordinary course. Thereafter the plaintiff, in August, 1941, brought suit on the bond against the

original obligors, adding a count against the defendant-appellant on an alleged contract of assumption made in January, 1931: and in July, 1943, brought the present action against the appellant alone, but based on the assumption in the deed of 1926. Counsel for appellant moved to dismiss the complaint on the ground of a prior action pending. The motion was argued before Judge Burling, who filed a careful opinion, reported unofficially in 21 *N. J. Mis. R.* 295, holding that the causes of action were not identical, one being based on "a direct written agreement" and the other upon the assumption by the grantee in a deed. The actions were later consolidated for trial, and at. the trial the plaintiff took a voluntary nonsuit in the earlier case in which the original obligors had been joined with appellant as defendants, and pressed only the second suit, against the appellant alone. Previous to this, counsel for plaintiff had opened the case to the jury, and the defendant's reply to the opening conceded the facts as regarded the assumption of payment, which indeed was a matter of record. The court thereupon directed a verdict for plaintiff. There are thirteen grounds of appeal, but they need not be specifically reproduced, as those urged are necessarily covered by the points made in the brief.

The first point alleges error in the refusal "to dismiss the complaint and abate the proceedings." This seems to be based on the premise that the cause of action based on the bond was a single one and that it could not be asserted in two suits at the same time. We do not think that the original obligation and the assumption compose one cause of action: and on this point we concur in the full and careful opinion of the court below, already cited.

The next point alleges error in striking out the first and second separate defenses. The first defense is that no notice of *lis pendens* was filed within the time limited by statute *R. S.* 2:65–2. The trial court held, in effect, that the statute is restricted to actions on the bond, and that the case *sub judice* is not an action on the bond. In this view we concur, and follow the Chancery decisions of *National Bank of New Jersey* v. *Lefkowits*, 107 *N. J. Eq.* 265; *Fidelity Union Trust Co.* v. *Prudent Investment Corp.*, 129 *Id.* 255, 262, and *Green*

v. *Stone,* in this court, 54 *Id.* 387 (at *pp.* 390-391). The second defense is that the action was not begun within the statutory three months after confirmation of the sale. The same reasoning applies to this phase of the matter, *i. e.,* that the statute is limited to suits directly on the bond.

Point III charges error in striking out the defendant's third separate defense, which is that the action was not commenced within six years. We think there is nothing in this point and that it requires no particular discussion except to observe that the debt assumed was on a specialty, as to which the limitation is sixteen years.

Point IV charges error in striking out the seventh and tenth defenses.

The seventh is that defendant did not assume and agree to pay a mortgage for $16,500 dated October 15th, 1925, &c.

The tenth is that the complaint does not exhibit a cause of action,

(a) because of failure to join the mortgagors and obligors on the bond as party defendants;

(b) because plaintiff's remedy, if any, is in the Court of Chancery;

(c) because of failure "to comply with the provisions of the statute in such case made and provided. (*R. S.* 2:65-1, *et seq.*)"

(a) We see no reason why the obligors on the bond should have been joined as parties, particularly as the plaintiff already had a judgment against them. (b) As to the remedy being in Chancery, the cases cited in the respondent's brief, *Herbert* v. *Corby,* 124 *N. J. L.* 249, and *Woodbridge* v. *De Angelis,* 125 *Id.* 579, furnish a sufficient answer: (c) as already pointed out, the statute is inapplicable.

The fifth and last point challenges the action of the trial judge in directing a verdict for the plaintiff on the defendant's opening.

The argument seems to be that because the defendant paid, and plaintiff received, $200 apparently as a sort of bonus for entering into a new agreement in 1931, that transaction amounted to usury. This, however, seems to be controlled by the ruling in *Nightingale* v. *Meginnis,* 34 *N. J. L.* 461,

which holds that under the statute, the payment was to be regarded as a payment on account of the debt; and as a matter of fact, credit was given for it in the case.

The direction of a verdict for the plaintiff on an opening is rather unusual but we see no particular objection to it where the facts are all admitted. The situation seems to be about the same as in cases of motion to strike out an answer. If there can be a nonsuit on an opening, which is frequently the case, then on the other hand where the defendant admits the facts stated in the opening and urges in defense something that has no legal validity, it would seem that a direction is in order.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ.   13.

*For reversal*—None.