■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES WARE, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered August 17, 1960, convicting him, after a jury trial, of robbery in the first degree, grand larceny in the second degree and assault in the second degree, and sentencing him, as a second felony offender, to serve concurrent terms of 15 to 20 years on the robbery count and 7½ to 10 years on the grand larceny count, and suspending sentence on the assault count. Judgment reversed on the law and new trial granted. The findings of fact made in the trial court are affirmed. Defendant was indicted together with two codefendants, but the case was severed and defendant was put on trial alone. The prosecutor, during his opening address to the jury, said that one of the code-

fendants, Watson, would testify and that the People would prove that the three defendants were riding around in an automobile in the area in which the store where the robbery was committed, was located; that they were looking for a place or places to commit a burglary or robbery; and that when they came to this store defendant said to Watson that it looked like "a good place" and they should "go in there," because there was a lone man in it. The People did not produce Watson as a witness and did not attempt to adduce any evidence with respect to what transpired before the crimes in the store were actually committed. Defendant's motion for a mistrial was denied, and the trial court did not attempt to give any instruction to the jury for the purpose of possibly eradicating from their minds the impression that the statement by the prosecutor must have had on them. In our opinion, the result was that defendant was deprived of a fair trial (cf. *Shacklett* v. *State*, 23 Okla. Crim. 4; *People* v. *De Simone*, 181 App. Div. 840, affd. 225 N. Y. 261; *People* v. *Luberto*, 212 App. Div. 691; *Smith* v. *State*, 205 Ark. 1075; see, also, 28 A. L. R. 2d 972 *et seq.*). The errors may not be overlooked under section 542 of the Code of Criminal Procedure, particularly since, on the issue of defendant's identification, the evidence here was such that the case must be considered a close one on the facts. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.