■ JAMES L. DILLARD, Appellant, v. CITY OF NEW YORK et al., Respondents. — Order of the Supreme Court, Kings County, entered March 12, 1971, affirmed, without costs. No opinion. The notice of appeal is deemed amended to set forth the correct date of entry of the order appealed from, namely, March 12, 1971. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

■ ROSE M. FLYNN, Individually and as Administratrix of the Estate of JOSEPH O. FLYNN, Deceased, Appellant, v. LONG ISLAND RAIL ROAD, Respondent. JAMES D. CANIANO, Individually and as Administrator of the Estate of JANET A. CANIANO, an Infant, Appellant, v. LONG ISLAND RAIL ROAD, Respondent.— In two actions to recover damages for wrongful death (jointly tried, without consolidation), plaintiffs appeal from the single judgment of the Supreme Court, Queens County, entered December 4, 1970, in favor of defendant, upon the trial court's dismissal of the complaints on the basis of plaintiffs' counsel's opening to the jury. Judgment reversed, on the law, with costs to appellants jointly, and new trial granted. The dismissal of the complaints was made upon the opening jury statement of plaintiffs' counsel. In his oral decision the learned trial court stated that the case at bar, in his view was " on all fours " with *Kline* v. *Long Is. R. R. Co.* (17 A D 2d 988, affd. 13 N Y 2d 773), wherein the dismissal of a complaint upon the opening of plaintiff's counsel was sustained on the ground there was nothing in the opening which indicated that plaintiff could or would establish a violation of any duty owing to a trespasser. In our view the present case, wherein the verified complaints alleged "intentional ", "willful ", "wanton and reckless " conduct on the part of defendant and wherein plaintiffs' attorney in his opening to the jury indicated that certain conduct of defendant constituted " reckless fault ", is distinguishable from *Kline (supra)*. If it be assumed, *arguendo*, that plaintiffs were trespassers, there was nothing in plaintiffs' opening which indicated that, as a matter of law, they would be unable to establish a violation of a duty owing to a trespasser, that is, the duty to refrain from willful, wanton or reckless acts. A new trial is mandated. Hopkins, Acting P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.