■ DOROTHY MORGAN et al., Appellants, v. TOWN OF NORTH HEMPSTEAD et al., Respondents.— In a negligence action to recover damages for personal injuries sustained by plaintiff Dorothy Morgan and for medical expenses, etc., sustained by her husband, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered May 3, 1972, against them, upon the trial court's granting of defendants' motion to dismiss the complaint based upon the opening statement, admissions and offer of proof of plaintiffs' counsel, at a jury trial. Judgment reversed, on the law, without costs, defendants' motion denied, complaint reinstated and new trial granted. The appeal did not present questions of fact. Mrs. Morgan sustained injuries when she allegedly slipped and fell on an icy sidewalk abutting premises purportedly owned and under the control of the Port Washington Public Parking District. Timely notices of claim were filed. In its preliminary statement, the trial court informed the jury that plaintiffs' claim was that icy conditions on the sidewalk were due to the manner in which the defendant town had constructed and maintained the sidewalk and that they would hear how the condition had come to exist. In the opening statement of plaintiffs' counsel, he told the jury that defendants were negligent in that "they maintained a sidewalk in a defective condition; that the defective condition was such that it permitted an accumulation of water" which froze and that defendants "in so maintaining the

sidewalk, in fact maintained a hazardous condition". After the opening statement, defendants moved, pursuant to subdivision 2 of section 65-a of the Town Law, to dismiss the complaint on the ground that it failed to allege that written notice of the defective condition in, or the existence of snow and ice on, the sidewalk in question had been given to the town prior to the happening of the accident. In opposing the motion and in the ensuing colloquy with the court, plaintiffs' counsel argued that maintenance of the sidewalk, as separate from construction, was itself sufficient to obviate the necessity of prior written notice. The court disagreed and granted the motion to dismiss the complaint. Upon the record before us, which includes the pleadings, we deem it to have been an improvident exercise of discretion to nonsuit plaintiffs after the opening of counsel. The facts as alleged and as presented by counsel are *not* such as would preclude any possibility of recovery (*Davidson* v. *Hillcrest Gen. Hosp.*, 40 A D 2d 693; *Bignami* v. *Caristo Constr. Corp.*, 37 A D 2d 851; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4016.14). Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.