■ MARGARET SCHAEFER et al., Appellants, v. MARY KARL et al., Respondents.— In a negligence action to recover damages for personal injuries of plaintiff Margaret Schaefer and for loss of services, etc., suffered by her husband, plaintiff William Schaefer, plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County, entered December 21, 1970, in favor of defendants Otto Marter and Propper Welding, Inc. against plaintiffs, upon a jury verdict, and (2) a separate judgment of the same court, entered June 9, 1971, in favor of defendant Mary Karl against plaintiffs, upon the trial court's dismissal of the complaint as to said defendant upon the opening address of the plaintiffs' counsel to the jury. Judgment entered June 9, 1971 reversed, on the law and in the interests of justice, and severance of action and new trial granted as to defendant Mary Karl, with costs as between plaintiffs and said defendant to abide the event. Judgment entered December 21, 1970 affirmed, without costs. In our opinion, the trial court erred in dismissing the complaint as to defendant Karl after the opening statement by plaintiffs' attorney. Although the thrust of his statement was manifestly directed against defendants Marter and Propper Welding, he made no utterances that precluded the possibility of recovery against defendant Karl. It is only when the opening statement precludes such a possibility, so that there is no doubt that a plaintiff cannot recover, that dismissal of the complaint should be granted upon counsel's opening address (*Davidson* v. *Hillcrest Gen. Hosp.*, 40 A D 2d 693). In our view, plaintiffs' allegations and proof as to defendants Marter and Propper Welding presented jury questions which were fairly decided by a verdict which cannot be said to be against the weight of the evidence. Under the circumstances, the judgment against these two defendants should be affirmed. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.