■ EDWARD F. STINES, JR., et al., Appellants, v. HERTZ CORPORATION, Doing Business as HERTZ RENT-A-CAR, et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered November 27, 1972, in favor of defendants, upon the trial court's dismissal of the complaint upon defendants' motion at the completion of plaintiffs' opening statement to the jury, which included an offer of proof. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. Plaintiffs Edward F. Stines, Jr., and Frank Fazio were allegedly injured as a result of an accident in Iowa which involved an automobile rented from an Iowa automobile lessor that had been nominated a "licensee" of the defendant Hertz Corporation. At the commencement of the trial, the parties stipulated that the case would proceed upon the issues of (1) ownership and control of the automobile and (2) whether the driver of the automobile had permission of defendants to use the vehicle. Both sides reserved their rights on all other issues for future determination. The rental agreement included the following restrictive provision: "Under no circumstances shall vehicle be used, operated or driven:  *  *  *  by any person except (1) Customer; or (2) if a qualified licensed driver, and provided Customer's permission be first obtained, (a) a member of Customer's immediate family, (b) Customer's employer, or (c) an employee of Customer in the course of such employee's regular and usual employment by Customer." The operator of the automobile was not a member of any class of persons to which the lessor had thus given its permission to drive. In addition to raising such restrictions and lack of permission as defenses,

and that the restrictions had not been waived by persons empowered to waive them as prescribed in the agreement, defendants also denied ownership of the automobile. Upon the trial, at the completion of plaintiffs' opening statement, which included, to an extent, an offer of proof, defendants moved to dismiss the complaint on the ground that plaintiffs had failed to state any basis for a finding that either of the defendants owned the vehicle in question or, in the alternative, that the lessor had waived the restrictive provisions included in the rental agreement. The trial court granted the motion to dismiss on the latter ground, stating that, even if it decided that defendants did in fact own the vehicle, plaintiffs had failed to establish a waiver of the restrictions of the rental agreement. We think that it was improvident of the trial court to dismiss plaintiffs' case at the close of their opening statement. While the opening statement is designed to establish the basic theory of a litigant's case as it will be presented at the trial, the litigant is not necessarily bound by every statement or omission made therein. Specifically, his counsel's failure to state every item necessary to establish a prima facie case in his opening should not, *ipso facto*, be deemed fatal to his case (see *Hoffman House* v. *Foote*, 172 N. Y. 348; *Black* v. *Judelsohn*, 251 App. Div. 559; *Darton* v. *Interborough R. T. Co.*, 125 App. Div. 836; 8 Carmody-Wait 2d, § 59:14). Though a significant item may be carelessly omitted upon the opening statement, a litigant should not be precluded from curing that defect during the trial. In addition, we think that it was improvident for the trial court to determine the question of waiver against plaintiffs without a full disclosure of the relationship between defendants and the Iowa lessor. The latter firm is nominated a "licensee" of the Hertz Corporation, but the record is totally devoid of any explanation as to what legal status this conferred upon the Iowa lessor vis-à-vis defendants. For the foregoing reasons, plaintiffs are entitled to a new trial, at which all issues of fact should be fully developed and explored. Hopkins, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.