■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WOODBERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 23, 1976, convicting him of burglary in the first degree, attempted robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the judgment is based have been considered and determined to have been established. Prejudicial error was committed when the Trial Judge refused to hold a *Huntley* hearing before the opening statements of counsel. In his opening the prosecutor referred to a statement made by the defendant, which statement was subsequently excluded. In the statement the

defendant allegedly said to the arresting officer, in reference to the date of the crime, "I guess I'll have to find an excuse for that day." In view of the fact that the defendant's sole defense was an alibi, it cannot be said that this was merely an innocuous statement, or that the Trial Judge's instruction to the jury to disregard it was curative. By permitting the jury to hear the statement, even though it was subsequently excluded, reversible error was committed (see CPL 710.40, subd 3). Error was also committed in failing to hold a *Wade* hearing as to the identification testimony of the only eyewitness, Sandra Dobbins, who was totally blind in one eye and partially blind in the other eye. Under the holding in *People v Oliver* (34 NY2d 859), a pretrial hearing, at the request of the defendant in a case such as this, is mandatory. The defendant's contention that subdivision 4 of section 160.15 of the Penal Law violates due process, has been rejected in *People v Felder* (39 AD2d 373, affd 32 NY2d 747, app dsmd 414 US 948). Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.