■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNORA MACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered November 30, 1983, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to the police.

Ordered that the judgment is affirmed.

The defendant's contention that an oral inculpatory statement given to Detective Rainey in the back of a police car on the day following the fatal incident should have been suppressed is without merit. The hearing court's factual finding that the defendant was asked to step into the police car in

order to move away from a large group of people and to insure privacy is supported in the record. There is no evidence that the defendant was restrained in any way or otherwise treated in such a manner as to cause a reasonable individual in her position, innocent of any crime, to believe that she was "deprived of [her] freedom of action in any significant way" *(Miranda v Arizona,* 384 US 436, 444; *Matter of Kwok T.,* 43 NY2d 213, 218). Nor is a custodial situation created by the fact that the defendant was questioned in the police vehicle *(see, People v Johnson,* 91 AD2d 327, *affd* 61 NY2d 932). Further, the record is devoid of any indication that the questioning was threatening or coercive. Accordingly, there is sufficient evidence in the record to conclude that the defendant's statements were voluntarily given under noncustodial circumstances.

Also, the trial court properly permitted the prosecutor to correct any deficiency in his opening statement after defense counsel's motion to dismiss *(see, People v Kurtz,* 51 NY2d 380, 384-385, *cert denied* 451 US 911). As amplified, the prosecutor's opening statement satisfied the requirements of CPL 260.30 (3), and adequately informed the jury of the nature of the charge, the facts he intended to prove and the evidence he intended to introduce in support of the same *(see, People v Kurtz, supra,* at 384).

Viewing the evidence in the light most favorable to the prosecution, as we must *(see, People v Benzinger,* 36 NY2d 29), it is sufficient as a matter of law to support the defendant's conviction of the crime charged. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.