■ In the Matter of SILVESTRO MORTILLARO, Petitioner, v HERBERT POSNER et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents from further prosecuting the petitioner under Queens County indictment No. 10228/88 on the ground of double jeopardy.

Adjudged that the petition is granted, without costs or disbursements, and the indictment is dismissed.

Following an adverse ruling as to the propriety of a peremptory challenge exercised by the prosecutor *(see generally, Batson v Kentucky,* 476 US 79), after which the trial court seated the challenged juror, had the jury sworn and issued its preliminary instructions, the prosecutor willfully refused to deliver an opening statement, asserting that he could not be compelled to proceed before a jury which included a juror "unacceptable" to him, and advising the court that if it were inclined "to declare a mistrial and call for a new panel [, he] would be more than happy" to proceed. The court, rather than addressing the petitioner's motion for dismissal of the accusatory instrument because of the prosecutor's failure to satisfy the mandatory dictates of CPL 260.30 (3), thereupon declared a mistrial, without the petitioner's consent, and in the absence of a "manifest necessity" therefor *(see,* CPL 280.10 [3]; *United States v Perez,* 9 Wheat [22 US] 579, 580; *People v Michael,* 48 NY2d 1, 9).

The trial court's failure to dismiss the indictment upon the petitioner's motion and in the face of the prosecutor's deliberate refusal to deliver an opening statement constituted error. As the Court of Appeals declared in *People v Kurtz* (51 NY2d 380, 385-386, *cert denied* 451 US 911): "The better practice concerning such motions directed at the adequacy of the prosecutor's opening statement would be that a motion should be made immediately after the prosecutor has completed his

opening to the jury. The trial court should then inform the prosecutor of the nature of the defect, if any, and afford him an opportunity to rectify it. *If the prosecutor is unable to do so, then the motion to dismiss the accusatory instrument must be granted"* (emphasis supplied).

Unlike the situation in *Kurtz (supra),* however, where, as here, the prosecutor contumaciously refused to deliver an opening statement to the jury in contravention of both the court's direction and his statutory obligation (CPL 260.30 [3]), the conclusion is inescapable that his bad-faith conduct, designed to thwart the court's attempt to safeguard a right of the petitioner, was calculated to provoke the declaration of a mistrial "in order to terminate the trial over [the petitioner's] objection" *(People v Kurtz, supra,* at 387; *see, Oregon v Kennedy,* 456 US 667, 679; *United States v Dinitz,* 424 US 600, 611) and the invocation of the double jeopardy prohibition is warranted *(People v Kurtz, supra,* at 385, 387). Jeopardy having clearly attached upon the swearing of the jury (CPL 40.20 [1]; 40.30 [1] [b]; *Crist v Bretz,* 437 US 28), a writ of prohibition will lie to interdict retrial. Accordingly, the indictment must be dismissed.

We would note that the prosecutor had other remedies available in this case. A prosecutor has a statutory right to exercise peremptory challenges *(see,* CPL 270.15 [1]; 270.25). A court is without jurisdiction to disallow such challenges except for those which fall within the narrow exception set forth in *Batson v Kentucky (supra).* Mollen, P. J., Mangano, Bracken, Rubin and Sullivan, JJ., concur.