STEPHEN DE VITO, Appellant, v HAROLD KATSCH, Respondent.

Second Department, May 29, 1990

APPEARANCES OF COUNSEL

*Pirraglia, Rosenblatt & McGarrity* for appellant.

*Mead, Dore, Vouté (Timothy P. Coon* of counsel), for respondent.

**OPINION OF THE COURT**

ROSENBLATT, J.

On the appeal before us, the defendant moved to dismiss the complaint immediately following the plaintiff's opening statement, asserting that the opening statement was insufficient to establish a prima facie case. Affording the plaintiff no opportunity to expand on the opening by way of an attempted offer of proof, the trial court dismissed the complaint. For the reasons which follow, the judgment is reversed, and a new trial is granted.

We take the opportunity to discuss the law relating to the purpose of the opening statement in civil trials, and to articulate appropriate standards to be applied by a trial court when an opening statement is challenged as deficient.

The civil case opening statement has periodically been at issue on appeal, but discussion, of late, has been generally sparse. The most recent authoritative treatment of the opening statement has pertained to criminal trials, and comparisons are apt, as is elaboration on the civil case opening, considering that two misconceptions seem to have grown up. One is mentioned by Professor David Siegel (Siegel, NY Prac § 395, at 516) who, speaking of civil case openings, states. that "[c]ontrary to popular misconception, a party is not rigidly bound by his opening[s]". A related misconception, directly involved in this appeal, is the belief that if an opening statement is attacked as deficient, the party facing dismissal may not correct, repair, or expand upon its contents.

In this case the plaintiff, in his complaint, asserted that he was driving his car on Route 6 in the Town of Carmel, in Putnam County, when the defendant negligently crossed over into the plaintiff's lane, causing a collision, as a result of which the plaintiff suffered serious injuries. The defendant put in a general denial, and, upon the defendant's motion for summary judgment, the court sustained the complaint, concluding that there were issues of fact requiring a trial. At the trial, after the defendant assailed the plaintiff's opening statement as inadequate, the plaintiff sought to expand upon it, but the court denied the plaintiff the opportunity to do so, stating that there is no provision in the law to amend an opening statement following a motion to dismiss.

I

Unlike the criminal law's statutory provisions which place a duty on the prosecutor to open to the jury (CPL 260.30 [3]), the CPLR carries no such statutory requirement on anyone's part. The only CPLR provision governing opening statements is rule 4016, which gives the parties the *right* to make an opening.[1]

Not surprisingly, therefore, a good deal of the legal writing relating to the opening statement is found in treatises on trial tactics and strategies *(see, e.g.,* Decof, Art of Advocacy, Opening Statement [Bender 1981; 1989 Supp]; Givens, Advocacy § 17.01, at 298; 75 Am Jur 2d, Trial, §§ 202-210; Trial Handbook for New York Lawyers § 6:1 *et seq.* [2d ed]; 1 Schweitzer, Cyclopedia of Trial Practice § 172 *et seq.* [2d ed]; Kelner and Kelner, *Opening Statements: Trends and Changes,* NYLJ, Feb. 14, 1990, at 3, col 1; Busch, Law and Tactics in Jury Trials, ch 12, § 221, at 318-333 [1949]; 2 Averbach, Handling Accident Cases, ch 23, § 231 *et seq.* [rev ed 1973]).

The right to make an opening statement is guarded with sufficient zeal that a protested denial of that right is error *(Lohmiller v Lohmiller,* 140 AD2d 497) and may be a basis for ordering a new trial *(Conselyea v Swift,* 103 NY 604).

Consequently, there is an established body of civil case law dealing with who may seize the right to open, which is, of course, related to who must carry the burden of proof, or, as it has been called, the "affirmative of * * * the issue" *(Elwell v Chamberlin,* 31 NY 611, 612; *Millerd v Thorn,* 56 NY 402). This is usually determined by the trial court, with reference to the pleadings *(Lake Ontario Natl. Bank v Judson,* 122 NY 278, 283), so that the plaintiff will normally, but not necessarily, hold the right (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4016.05 *et seq.; Heilbronn v Herzog,* 165 NY 98).

---

1. Because the right has long been recognized as one of supreme importance *(Huntington v Conkey,* 33 Barb 218; *Kappa Frocks v Alan Fabrics Corp.,* 263 App Div 326) constituting a unique opportunity to advance one's cause, to communicate the issues to the jury, and to present the facts to be proven *(Tisdale v President of Del. & Hudson Canal,* 116 NY 416, 419; *Ayrault v Chamberlain,* 33 Barb 229; *Kley v Healy,* 127 NY 555, 559), cases dealing with the waiver of an opening in a civil trial by a party carrying the burden of proof are all but unheard of, and discussion is rare *(see generally,* Abbott's Civil Jury Trials § 88, at 196 [5th ed]; 6 Carmody-Wait, NY Prac § 2, at 425; 1 Lane's Goldstein Trial Technique § 10.11 [3d ed]; *see also, Bender v Terwilliger,* 48 App Div 371, *affd* 166 NY 590).

## II

There is no CPLR provision for the dismissal of a complaint based on the plaintiff's opening statement.[2] CPLR 4401, however, contemplates judgment for a party on the strength of "admissions" which, at least theoretically, includes dismissal of a complaint upon the basis of a plaintiff's opening statement *(see,* 1958 Report of Temporary Commn on Cts, 2d Preliminary Report of Advisory Comm on Prac and Pro, at 306; 8 Carmody-Wait 2d, NY Prac § 59:13, n 1). If, however, CPLR 4401 is to be relied upon, the admissions must be so self-defeating as to irreparably preclude all possibility of judgment *(Hoffman House v Foote,* 172 NY 348; Siegel, NY Prac § 402).

Moreover, as has been pointed out, a party is not so rigidly bound by an opening that every slip or omission, however reparable or unguarded, is ipso facto fatal *(Stines v Hertz Corp.,* 45 AD2d 751; *Goodman v Brooklyn Hebrew Orphan Asylum,* 178 App Div 682).[3]

The test for dismissing a complaint on the opening statement has been formulated with slight variation, but the analysis has been essentially the same since it was articulated over a century ago by the United States Supreme Court in *Oscanyan v Arms Co.* (103 US 261), with similar expressions by Judge Rapallo in *Clews v Bank of N. Y. Natl. Banking Assn.* (105 NY 398), and Judge O'Brien in *Hoffman House v Foote* (172 NY 348, *supra).* Although there were earlier, consonant points of view *(see, e.g., Sheridan v Jackson,* 72 NY 170), *Clews* and *Hoffman House* mark the development of a line of authority in New York, by which the prospect of a dismissal on opening exists only when, from all available indications, the case is doomed to defeat. These cases, and their progeny, tell us that the trial court has the power to dismiss upon the opening, but that the power should be exercised "with great caution" *(Mortimer v East Side Sav. Bank,* 251 App Div 97, 98).

Thus, the courts have described the "danger[s]" of dismissal

---

2. The Civil Practice Act contained no such provision (6 Carmody-Wait, NY Prac Supp § 3, at 159-160), nor do the Federal Rules of Civil Procedure *(Lampka v Wilson Line,* 325 F2d 628).

3. In a writing akin to a historical treatise, and drawing upon English law, the Supreme Court of Nebraska *(Temple v Cotton Transfer Co.,* 126 Neb 287, 289, 253 NW 349, 350) addressed these issues in decrying the prospect of dismissal on opening, terming it "peculiar to American jurisprudence."

on opening *(Malcolm v Thomas,* 207 App Div 230, 231, *affd* 238 NY 577), with admonitions that the practice is "unsafe" *(Gilbert v Rothschild,* 280 NY 66, 70), disfavored *(Davidson v Hillcrest Gen. Hosp.,* 40 AD2d 693; *Kreuger v Kreuger,* 78 AD2d 692; *Patterson v Serota,* 135 AD2d 521), and "not [to] be encouraged" *(Brush v Lindsay,* 210 App Div 361, 362; *see also,* Bench Book for Trial Judges, New York Practice Library § 26, at E-10, E-11 [Lawyer's Co-op 1989]; Wright and Miller, 9 Federal Practice and Procedure § 2533, at 584, n 94; 1 Mottla, New York Evidence § 551, at 493 [2d ed 1966]). In this background, a number of criteria have been developed over the years.

In entertaining a motion to dismiss following the opening statement, the court, in exploring the viability of the case, should consult the pleadings, including, of course, the complaint *(Backman v Rodgers,* 153 App Div 299, 301), and the bill of particulars *(Majeski v Accurate Constr. Co.,* 13 AD2d 986; *Bignami v Caristo Constr. Corp.,* 37 AD2d 851; *Morgan v Town of N. Hempstead,* 43 AD2d 591; *O'Leary v American Airlines,* 100 AD2d 959) to aid in the determination of whether there is going to be enough to warrant the eventual submission of the case to the jury.

In making that evaluation, the court must assume that every material fact is to be resolved in favor of the plaintiff[4] *(Gilbert v Rothschild,* 280 NY 66, 70, *supra; French v Central N. Y. Power Corp.,* 275 App Div 238; *Runkel v City of New York,* 282 App Div 173, 179), affording every inference in support of the complaint *(Oakeshott v Smith,* 104 App Div 384, 385, *affd* 185 NY 583) which, for these purposes, must be accepted as true *(Spallholz v Sheldon,* 148 App Div 573), or, at least provable *(Backman v Rodgers, supra; Loeb v Goldsmith,*

---

4. We speak of the plaintiff only insofar as it is that party who faced dismissal here, and because it is far more frequent that motions to dismiss on opening are made against plaintiffs. Judgments granted to plaintiffs on the basis of defendants' opening statement admissions, however, are not entirely unknown *(see, e.g., Flatt v Wiggs,* 181 Okla 26, 72 P2d 815; *Tinsley v Majorana,* 240 SW2d 539, 541 [Ky]; *Alexander v Manza,* 132 NJL 374, 40 A2d 775; *Bias v Reed,* 169 Cal 33, 145 P 516; *see generally,* Annotation, *Dismissal, Nonsuit, Judgment, or Direction of Verdict on Opening Statement of Counsel in Civil Action,* 5 ALR3d 1405, 1416 [nn 10, 11], 1453; 75 Am Jur 2d, Trial, § 506). Dismissal on the opening is recognized as against any cause of action, whether stated in a complaint, counterclaim, interpleader complaint, or third-party complaint, and is even said to be "available" as against an affirmative defense in an answer or reply (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4016.14).

176 App Div 747). Having done so, the court should not dismiss unless there is "no doubt" that the plaintiff cannot recover *(Wiren v Long Is. R. R. Co.,* 222 App Div 812; *Schaefer v Karl,* 43 AD2d 747). Dismissal is therefore unauthorized if there is any view under which the plaintiff may succeed *(Diglio v Rosoff Subway Constr. Co.,* 242 App Div 643; *Black v Judelsohn,* 251 App Div 559), or any theory by which it may prevail *(Painter v Fletcher,* 182 App Div 616; *Penn Cent. Transp. Co. v Singer Warehouse & Trucking Corp.,* 86 AD2d 826). Once this test is passed, in that the complaint is deemed to have stated a cause of action, the court must then examine whether the valid complaint is conclusively defeated either by a clearly and factually admitted defense, or by an admission or concession *(see, Alexander v Seligman,* 131 AD2d 528) so ruinous to the plaintiff's case that dismissal is warranted *(Darton v Interborough R. T. Co.,* 125 App Div 836, 838). These inquiries constitute the so-called three-prong test that courts have come to apply *(see, e.g., Darton v Interborough R. T. Co., supra; Becker v David Askin, Jr., Inc.,* 36 AD2d 520; *Seminara v Iadanza,* 131 AD2d 457; *O'Leary v American Airlines, supra; see generally,* 75 Am Jur 2d, Trial, § 505; Annotation, *Dismissal, Nonsuit, Judgment, or Direction of Verdict on Opening Statement of Counsel in Civil Action,* 5 ALR3d 1405; 8 Carmody-Wait 2d, NY Prac §§ 59:13, 59:14).

This is not to say that a trial court should be so indulgent as to sustain a case which, from all indications, has no legal basis. Certainly, if a case must predictably fail, it is far preferable to grant what amounts to summary judgment long before a jury has been summoned and addressed. If, nonetheless, on the opening it becomes obvious that the suit cannot be maintained because it lacks a legal basis or, when taken in its strongest light, cannot succeed, the court has the power to dismiss *(Best v District of Columbia,* 291 US 411), and such rulings have been upheld *(see, e.g., Sheridan v Jackson,* 72 NY 170; *Stamm v Purroy,* 170 App Div 584; *Ackley v Board of Educ.,* 174 App Div 44; *Dalury v Rezinas,* 183 App Div 456, *affd* 229 NY 513; *Denenfeld v Baumann,* 40 App Div 502; *Oakeshott v Smith,* 104 App Div 384, *affd* 185 NY 583, *supra; Kline v Long Is. R. R. Co.,* 17 AD2d 988, *affd* 13 NY2d 773; *Frolish v Ryder Truck Rental,* 63 AD2d 799; *Jurewicz v Lucarelli,* 77 AD2d 751; *McLoughlin v Holy Cross High School,* 135 AD2d 513; *Perretti v City of New York,* 132 AD2d 537; *see also, Miller v Morse,* 9 AD2d 188). In no case, however, has dismissal been upheld where the plaintiff's attorney

was denied the request to make an offer of proof in support of the opening statement, after it was challenged as inadequate.

## III

In the multitude of New York cases dealing with opening statement dismissals in civil cases, there is almost nothing written explicitly about permitting an attorney to make an offer of proof to the court, in an attempt to correct or enhance the contents of an opening statement that has been attacked, on a motion to dismiss, as inadequate. Perhaps this dearth of authority has contributed to the misconception that the granting of such permission is either unauthorized, outside the discretionary powers of the trial court, or not sporting. Another possible reason for this scarcity of authority may be the perception—perhaps not unjustified—that omissions in civil case openings have been treated somewhat more forgivingly *(see, e.g., Stewart v Hamilton,* 18 Abb Pr 298; *Stines v Hertz Corp.,* 45 AD2d 751, *supra; Goodman v Brooklyn Hebrew Orphan Asylum,* 178 App Div 682, *supra)* than in criminal cases, where the prosecutor's opening to the jury has long been statutorily required (CPL 260.30 [3] [former Code Crim Pro § 388 (1)]; *People v Brown,* 158 AD2d 461; *Matter of Mortillaro v Posner,* 147 AD2d 701), and nonwaivable *(People v Klein,* 7 NY2d 264, 267).[5]

Nevertheless, there are close parallels between opening statement dismissals in criminal and civil cases. Although the trial court, in a criminal case, has the power to dismiss based on the prosecutor's opening statement *(see generally,* Annotation, *Power of Trial Court to Dismiss Prosecution or Direct Acquittal on Basis of Prosecutor's Opening Statement,* 75 ALR3d 649)[6] the prosecution " '[should] not be undone' simply

---

5. As for waiver in a nonjury criminal trial, see *People ex rel. Jones v Abrams* (114 AD2d 481; CPL 320.20 [3] [a]; 350.10 [3] [a]). For the sequence of opening, and waiver by the defendant in a criminal case, see Annotation, *Time as of which defense counsel in criminal case may make opening statement* (93 ALR2d 951).

6. This is to be distinguished from assertions that the prosecutor's opening statement was so improper as to form the basis for challenge on appeal *(see, e.g., People v Torres,* 141 AD2d 682, *appeal withdrawn* 72 NY2d 867 [harmless error]; *People v Blyden,* 142 AD2d 959, *lv denied* 72 NY2d 955 [harmless error]; *People v Smith,* 125 AD2d 614 [harmless error]; *People v Widger,* 126 AD2d 962 [unpreserved error]; *People v Woodberry,* 56 AD2d 613 [cumulative error]; *People v Cruz,* 100 AD2d 882 [reversible error]; *People v Ware,* 13 AD2d 1015 [reversible error]; *People v Streeter,* 67 AD2d 877 [cumulative error]; *People v Allen,* 74 AD2d 640, 644 [cumulative error]; *see*

because there was some defect" in the opening statement *(People v Kurtz,* 51 NY2d 380, 385, *cert denied* 451 US 911, citing *People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025; *see also, United States v Donsky,* 825 F2d 746).

This language strongly resembles the civil case caution against dismissal. Moreover, in criminal cases, the Court of Appeals has instructed trial courts to refrain from dismissing an indictment on opening without first giving the prosecutor a chance to correct any deficiency in the opening *(People v Kurtz, supra,* at 385; *People v Coppa,* 57 AD2d 189, *revd on other grounds* 45 NY2d 244),* following which, the test for dismissal is whether the indictment may be sustained "under any view of the evidence" *(People v Kurtz, supra,* at 385). This is the very standard that governs civil case dismissals *(Diglio v Rosoff Subway Constr. Co.,* 242 App Div 643, *supra; Black v Judelsohn,* 251 App Div 559, *supra).*

In criminal trials, therefore, the opportunity to correct a deficiency in the opening is now expressly established *(see, e.g., People v Mack,* 131 AD2d 784, 785; *Matter of Kopilas v People,* 111 AD2d 174; *see also, Matter of Timothy L.,* 71 NY2d 835 [applying the rule in juvenile delinquency case]), and we perceive no reason why the same opportunity should not be afforded to a party facing dismissal in civil trials.

Although the courts have not expounded as pointedly on the opportunity to repair an opening statement in a civil trial, as compared with one in a criminal trial *(People v Kurtz, supra),* it is, nevertheless, evident from a review of civil case decisions that such a procedure is at least contemplated *(Clews v Bank of N. Y. Natl. Banking Assn.,* 105 NY 398, *supra; Garrison v McCullough,* 28 App Div 467; *Ward v Jewett,* 4 Robt 714; *Stamm v Purroy,* 170 App Div 584, *supra; Eckes v Stetler,* 98 App Div 76; *Black v Judelsohn, supra; Goodman v Brooklyn Hebrew Orphan Asylum,* 178 App Div 682, *supra),* and if courts have not expressly endorsed the practice in so many words, we do so today, and thereby acknowledge the propriety and desirability of an approach that has been recognized in other jurisdictions *(see, Stone v Millstein,* 804 F2d 1434; *Im-*

*generally,* Annotation, *Reference by counsel for prosecution in opening statement to matters which he does not later attempt to prove as ground for new trial, reversal, or modification,* 28 ALR2d 972; Annotation, *Prosecutor's Reference in Opening Statement to Matters Not Provable or Which He Does Not Attempt to Prove as Ground for Relief,* 16 ALR4th 810; 34 NY Jur 2d, Criminal Law, § 2468; 1 CJI[NY] 3.03).

*pero v Whatcom County,* 71 Wash 2d 438, 430 P2d 173; *Gibson v Grant,* 766 SW2d 706 [Mo]; *Wilkey v State ex rel. Smith,* 238 Ala 595, 192 So 588; *Winter v Unaitis,* 123 Vt 372, 189 A2d 547; *Ambrose v Detroit Edison Co.,* 380 Mich 445, 157 NW2d 232; *Marcum v Sagehorn,* 660 SW2d 426 [Mo]; *Passaic Val. Sewerage Commrs. v Brewster & Son,* 32 NJ 595, 161 A2d 503; *Auto Owners Mut. Ins. Co. v Phillips,* 12 Ohio Misc 167, 227 NE2d 420).

## IV

In the case before us, there is no claim that the plaintiff's opening statement was prejudicial, so as to be deserving of a mistrial *(see, e.g., Estes v Town of Big Flats,* 41 AD2d 681; *Raplee v City of Corning,* 6 AD2d 230, 233; *Cohn v Meyers,* 125 AD2d 524).[7] It was, rather, challenged as inadequate, ostensibly because the plaintiff's attorney, in his opening, revealed that there would be no one called who actually witnessed the accident.

Although the lack of any eyewitness may make a case more difficult to prove, this disclosure did not amount to an admission that was "ruinous" to the success of the case, or otherwise bespeak an irreparable inability to proceed *(see, e.g., Wilson v Schindler Haughton Elevator Corp.,* 118 AD2d 777; *Flynn v Long Is. R. R.,* 37 AD2d 595; *Rinder v City of New York,* 258 App Div 1063; *Egan v Boenig,* 222 App Div 836). The test, as we have seen, is not the improbability of success *(Darton v Interborough R. T. Co.,* 125 App Div 836, 838, *supra),* but whether the case can go forward on any plausible theory or view of the facts. In our case, the plaintiff, when challenged, attempted to show that there was a tenable basis upon which he could present a prima facie case notwithstanding that both drivers had amnesia following their head-on automobile collision, but the court foreclosed the offer of proof. It is possible, however, to prove a personal injury action without eyewitness testimony as, for example, in cases involving wrongful death or amnesia *(Cole v Swagler,* 308 NY 325; *Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313; *Wartels v County Asphalt,* 29 NY2d 372; *Matter of Fasano v State of*

---

7. The subject of the prejudicial effect in counsel's opening statement in civil cases is treated in Annotation, *Prejudicial effect, in counsel's opening statement in civil case, of remarks disparaging opposing counsel, opponent, or opponent's case or witnesses,* 68 ALR2d 999 *(see also,* Annotation, *Reference by counsel in opening statement in civil case to matters which he does not attempt to prove as ground for new trial or reversal,* 118 ALR 543).

*New York,* 113 AD2d 885; *Horne v Metropolitan Tr. Auth.,* 82 AD2d 909), and it has been held reversible error to dismiss on opening a case that appears to rest on circumstantial evidence *(Wilson v Schindler Haughton Elevator Corp., supra; Darton v Interborough R. T. Co.,* 125 App Div 836, *supra).* Because the plaintiff did not have a chance to present the offer of proof, we do not know what proof he was prepared to introduce. Accordingly, the judgment is reversed, and a new trial is granted.

THOMPSON, J. P., RUBIN and MILLER, JJ., concur.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.