■ CARL SEWELL, Appellant, v CITY OF NEW YORK, Respondent. [656 NYS2d 916] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), dated January 30, 1996, which, upon the granting of the defendant's motion made at the completion of the plaintiff's opening statement for judgment as a matter of law, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff alleged that he sustained personal injuries when he was thrown from his bicycle as a result of a defect in the roadway.

Pursuant to New York City's "Pothole Law" (Administrative Code of the City of New York § 7-201 [c] [2]), prior written notice is a condition precedent to maintaining an action against the City of New York arising from a street defect, and it must be pleaded and proved (*see, e.g., Giganti v Town of Hempstead,* 186 AD2d 627; *Bisulco v City of New York,* 186 AD2d 84). However, failure to comply with the "notice" statute may be excused " 'when a municipality has or should have knowledge of a defective or dangerous condition because it either has inspected or was performing work upon the subject area shortly before the accident' " (*Giganti v Town of Hempstead, supra,* at 628, quoting *Klimek v Town of Ghent,* 114 AD2d 614, 615; *see also, Ferris v County of Suffolk,* 174 AD2d 70, 73). In addition, where the municipality created the defect in the roadway, the plaintiff will not be required to provide it with prior written notice of the unsafe condition (*see, Kiernan v Thompson,* 73 NY2d 840).

In the plaintiff's opening statement, counsel admitted that there had been no compliance with New York City's "Pothole Law" (Administrative Code § 7-102 [c] [2]) and failed to propose that he would prove at trial that an exception to the defendant's prior written notice requirement existed in this case.

In light of the foregoing, "there is 'no doubt' that the plaintiff cannot recover" (*De Vito v Katsch,* 157 AD2d 413, 418, quoting *Wiren v Long Is. R. R. Co.,* 222 App Div 812). It was therefore proper for the Supreme Court to dismiss the complaint at the completion of the plaintiff's opening statement (*see, De Vito v*

*Katsch, supra).* Miller, J. P., Thompson, Joy and Luciano, JJ., concur.