■ JAMES W. CLIFFORD, Appellant, v SACHEM CENTRAL SCHOOL DISTRICT AT HOLBROOK et al., Respondents. [707 NYS2d 133] —In an action to recover damages for wrongful death and personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered March 26, 1999, which, upon the granting of the defendants' applications to dismiss the complaint for failure to state a cause of action, made at the close of the plaintiff's opening statement to the jury, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

On July 6, 1995, at about 9:00 P.M., the plaintiff's 13-year-old decedent, James Paul Clifford, and two of his friends were on the grounds of the Gatelot Elementary School in Lake Ronkonkama. One of the three suggested that they climb up to the roof. They climbed to the first level of the roof, using the air conditioner vents and the windows. They then climbed to the second level using a ladder affixed to the building. While on the second level of the roof, the decedent stepped on a plastic skylight and fell 23 feet to the gym floor below. Security reports indicate that the defendants knew that children occasionally played on the roof.

After the plaintiff's attorney set out the aforestated facts in his opening statement, the defendants moved to dismiss the complaint on the ground that the plaintiff failed to state a cause of action. After granting the plaintiff an opportunity to provide additional offers of proof and to reopen his case, the Supreme Court dismissed the complaint.

Contrary to the plaintiff's contention, this action was properly dismissed upon the opening statement. The plaintiff did not assert any claim that the skylight was defective in any way or that it was an unobservable dangerous condition. Even though the defendants knew that children occasionally played on the roof, stepping on a skylight is an extraordinary occurrence which need not have been guarded against (*see, Kurshals v Connetquot Cent. School Dist.,* 227 AD2d 593).

"In light of the foregoing 'there is "no doubt" that the plaintiff cannot recover' " (*Sewell v City of New York,* 238 AD2d 331, 332, quoting *De Vito v Katsch,* 157 AD2d 413, 418). Thus, the

Supreme Court properly dismissed this action at the completion of the plaintiff's opening statement, having first given the plaintiff an opportunity to present proof subsequent to the defendants' applications to dismiss (*see, Sewell v City of New York, supra; De Vito v Katsch, supra*). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.