■ EVIE CUELLAR et al., Appellants, v CITY OF NEW YORK et al., Respondents. [772 NYS2d 872]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated October 29, 2001, which granted the oral application of the defendant City of New York, made after the completion of the plaintiffs' opening statement, to dismiss the complaint insofar as asserted against it, and granted the separate oral application of the defendant Queens Surface Corp., pursuant to CPLR 4401, made at the close of the plaintiffs' case, to dismiss the complaint insofar as asserted against it for failure to establish a prima facie case.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the oral application of the defendant City of New York to dismiss the complaint insofar as asserted against it, made after the completion of the opening statement, and substituting therefor a provision denying that application; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated insofar as asserted against the defendant City of New York.

The Supreme Court erred in granting the oral application of the defendant City of New York, made after the completion of the plaintiffs' opening statement, to dismiss the complaint insofar as asserted against it. Such applications are disfavored, and, generally, "the prospect of a dismissal on opening exists only when, from all available indications, the case is doomed to defeat" (Gleyzer v Steinberg, 254 AD2d 455 [1998] [internal quotation marks omitted]). Under the circumstances, it cannot be said that the plaintiffs cannot recover (cf. Clifford v Sachem Cent. School Dist. at Holbrook, 271 AD2d 470 [2000]).

The oral application of the defendant Queens Surface Corp. (hereinafter Queens Surface) made at the close of the plaintiffs' case to dismiss the complaint insofar as asserted against it was properly granted. "A common carrier owes a duty to an exiting passenger to stop at a place where the passenger may safely disembark and leave the area" (Jenkins v New York City Tr. Auth., 262 AD2d 455 [1999]). There was no evidence that Queens Surface was aware of or reasonably should have been aware of a dangerous condition in the roadway (see Diedrick v City of New York, 162 AD2d 496 [1990]). Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.