ANTHOULA EPTHIMIATOS, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [786 NYS2d 333]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated February 6, 2004, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for injuries she allegedly sustained when she fell on a sidewalk owned by the defendant City of New York. However, in support of its motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, the City demonstrated a prima face case that the plaintiff slipped and fell due to the presence of sand on the sidewalk, and that it lacked prior written notice and an opportunity to remedy the condition within the meaning of the so-called "Pothole Law" (*see* Administrative Code of City of NY § 7-201; *Katz v City of New York,* 87 NY2d 241 [1995]; *Sewell v City of New York,* 238 AD2d 331 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact as to either the proximate cause of the fall or notice to the City, or demonstrate any other basis to deny the motion (*see Zygnerski v City of New York,* 283 AD2d 574 [2001]; *Bruni v City of New York,* 2 NY3d 319 [2004]; *Sewell v City of New York, supra; cf. Weinreb v City of New York,* 193 AD2d 596 [1993]). Nor did the plaintiff demonstrate the need for additional disclosure. Accord-

ingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.