Guzman v New York City Tr. Auth. (2018 NY Slip Op 04310)





Guzman v New York City Tr. Auth.


2018 NY Slip Op 04310


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-10832
 (Index No. 16346/11)

[*1]Christina Guzman, respondent, 
v
New York City Transit Authority, appellant.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Elefterakis, Elefterakis & Panek (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Yvonne Lewis, J.), dated October 6, 2015. The judgment, upon a decision dated March 6, 2014, made after a nonjury trial on the issue of liability, and a decision dated March 10, 2015, made after a nonjury trial on the issue of damages, is in favor of the plaintiff and against the defendant in the total sum of $1,662,567.
ORDERED that the judgment is reversed, on the facts, with costs, and the complaint is dismissed.
The plaintiff allegedly was injured on the morning of January 3, 2011, when she slipped on black ice and fell while alighting from the rear door of a bus owned and operated by the defendant. At a nonjury trial on the issue of liability, the plaintiff testified that when the rear door of the bus opened she observed a mound of snow on the sidewalk. There was no path through the mound of snow, but the street appeared "clean." She did not see the ice until after she fell and was sitting on the ground. She also noticed at that time that, towards the front of the bus, there was a path cleared through the mound of snow. The bus driver testified that he did not recall any incident involving the plaintiff. The trial court found that the defendant was 65% at fault in the happening of the accident and that the plaintiff was 35% at fault.
Initially, contrary to the defendant's contention, the plaintiff's notice of claim did not assert a new theory of liability and contained sufficient information to enable the defendant to investigate the claim (see General Municipal Law § 50-e[2]; O'Brien v City of Syracuse, 54 NY2d 353, 358).
On an appeal from a judgment entered upon a nonjury determination, this Court's scope of review is as broad as that of the trial court (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Levin v State of New York, 32 AD3d 501, 502). Here, we agree with the defendant that the plaintiff failed to meet her burden of proving that the defendant [*2]was negligent, and that such negligence caused her injuries. The defendant, as a common carrier, "owe[d] a duty to alighting passenger[s] to stop at a place where [they] may safely disembark and leave the area" (Miller v Fernan, 73 NY2d 844, 846), and towards that end "to exercise reasonable and commensurate care in view of the dangers to be apprehended" (Fugan v Atlantic Coast Line RR. Co., 220 NY 301, 306; see Malawer v New York City Tr. Auth., 18 AD3d 293, 294-295, affd 6 NY3d 800; Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 109, affd 72 NY2d 888). However, whether the defendant has breached its duty to provide a passenger a safe place to alight from the bus will depend on whether the bus driver could have observed the dangerous condition from the driver's vantage point (see Lovato v New York City Tr. Auth., 50 AD3d 969, 971; Engram v Manhattan & Bronx Surface Tr. Operating Auth., 190 AD2d 536; Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d at 112-113). Here, there was no evidence that the bus driver was aware of or reasonably should have been aware of the ice in the roadway. The fact that it was cold and there was a pile of snow near the rear exit does not create a basis to conclude that the bus driver should have known of the dangerous condition (see Cuellar v City of New York, 5 AD3d 530, 531).
In light of our determination, we need not reach the defendant's remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court